UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA, | No. 2:14-cv-3014-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION, | |
| Defendant. | |

Plaintiff Liudmyla Iegorova, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

In this case, plaintiff alleges that, during the Christmas 2012 season, while shopping at a Target store in Folsom, California, plaintiff stepped on a plastic spoon with her left foot and fell to the floor, hitting her head and left shoulder. According to plaintiff, in addition to the spoon, there were also many boxes and ice cream on the floor, because responsible Target employees had not removed garbage from the trash bin for a very long time. Plaintiff contends that, after the store manager's arrival, he tried to pull small pieces of the plastic spoon on which plaintiff had fallen from plaintiff's and her son's hands, purportedly in an attempt to destroy the evidence. Plaintiff alleges that sharp pieces of the spoon could have caused significant damage to plaintiff and her son's hands and fingers. Plaintiff further alleges that she then called 911 to report an assault by the store manager. According to plaintiff she was subsequently admitted to the emergency room with high-level blood glucose, high blood pressure, serious head pain, neck pain, shoulder pain, and lower back pain; did not sleep 10 days in a row due to stress resulting from the incident; and had to take pain medications and consult a physical therapist. Plaintiff seeks $5,000,000.00 in damages.

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state claims on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. To be sure, the caption of plaintiff's complaint suggests that she asserts claims pursuant to various federal criminal statutes under Title 18, as well as a claim of physical elder abuse under California Welfare and Institutions Code section 15610.63. Plaintiff, as a private citizen, has no standing to prosecute federal crimes, and the factual allegations in the complaint do not plausibly give rise to an elder abuse claim against Target Corporation as contemplated by the California Welfare and Institutions Code. Nevertheless, the complaint, liberally construed in light of plaintiff's *pro se* status, appears to assert potential state law tort claims, including a claim for general negligence against Target Corporation. Additionally, it appears, at least at an initial analysis, that the court has subject matter jurisdiction over the action, because plaintiff is a citizen of California, Target Corporation is a citizen of Minnesota, and plaintiff seeks more than $75,000.00 in damages. See 28 U.S.C. § 1332.

Importantly, the above findings are for the limited purposes of screening plaintiff's complaint pursuant to 28 U.S.C. § 1915 only.  The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading.  Accordingly, the court orders service of the complaint on defendant.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Service of the complaint is appropriate for defendant Target Corporation.

3. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served.

6. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.  If the U.S. Marshal is unable, for any reason, to effectuate service

of process on any defendant, the U.S. Marshal shall promptly report that fact, and the reasons for it, to the court.

      8.     If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal.  The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

      9.     The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

      10.    Plaintiff's failure to comply with this order, the Federal Rules of Civil Procedure, and the court's Local Rules[2] may result in any appropriate sanctions, including monetary sanctions and/or a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

Dated:  January 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of the court's Local Rules may be obtained from the Clerk's Office or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.