UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | No. 2:14-cv-3014-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

    Presently pending before the court is defendant's motion to dismiss, which was initially filed on April 2, 2015, and set for hearing on May 7, 2015.  (ECF No. 7.)  Plaintiff failed to file an opposition to the motion in accordance with Local Rule 230(c).  Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve defendant's motion on the merits, the court continued the hearing on the motion and provided plaintiff with an additional opportunity to file an opposition to the motion no later than May 21, 2015.  (ECF No. 8.)  Plaintiff was specifically cautioned that failure to file an opposition to the motion by the required deadline would result in a recommendation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

    Although the applicable deadline has passed, plaintiff failed to file an opposition or statement of non-opposition to the motion, nor has plaintiff even requested a further extension of

time to do so.  As such, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure twice to oppose defendant's motion and failure to prosecute her case have unreasonably delayed the progress of this litigation. The third Ferdik factor also favors dismissal because, at a minimum, defendant has been hampered in its efforts to move this case forward to a resolution on the merits. Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal. In this case, the court previously pursued remedies that are less drastic than a recommendation of dismissal. Indeed, in an attempt to avoid the harsh sanction of dismissal, the court previously provided plaintiff with an additional opportunity to oppose defendant's motion and specifically cautioned plaintiff regarding the potential consequences of failure to timely comply with the court's order. Furthermore, the court finds no suitable alternative to dismissal at this juncture. Given plaintiff's complete failure to respond to the court's orders and instructions, the imposition of monetary sanctions would be futile, and the court is unable to frame any meaningful issue or evidentiary sanctions based on the limited record before it. Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute her case. In any event, the court finds that the fourth Ferdik factor is outweighed by the other Ferdik factors.

Consequently, dismissal is appropriate.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
2. Defendant's motion to dismiss (ECF No. 7) be denied as moot.
3. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  May 27, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE